UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Candelario Guzman de Leon,

        Petitioner,

v.

JOHN DOE, Facility Director, Buffalo Federal Detention Facility;
TODD LYONS,
Acting Director U.S. Immigrations and Customs Enforcement;
KRISTI NOEM, U.S. Secretary of Homeland Security;
PAMELA BONDI,
U.S. Attorney General; and
JANE DOE, Director, Executive Office for Immigration Review
        Respondents.

Case No.

**PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

1. Petitioner Candelario Guzman de Leon hereby seeks a writ of habeas corpus releasing him immediately from detention, or in the alternative, directing that he be provided with a bond hearing before an Immigration Judge forthwith.

2. Petitioner is a citizen of Guatemala, who has been physically present in the U.S. for over twenty-five years. He was detained by officers from US Immigration and Customs Enforcement (ICE) two weeks ago, and is currently at the federal immigration detention facility in Batavia, New York. Upon information and belief, prior to this detention, Petitioner had never been detained or held in custody by US immigration officials, nor does he have any criminal history.

1

3. Petitioner earlier, 2013, filed an application for asylum from Guatemala, which was then referred to the Immigration Court in Boston in 2018. Respondent's next hearing is scheduled for June 2026. Respondents never sought to detain Petitioner throughout this time, until the recent change in ICE enforcement policy directing them to detain all non-citizens who entered the country without inspection, even if they are in removal proceedings already or have asylum applications pending.

4. Mr. Guzman de Leon now brings this Petition for a writ of habeas corpus, seeking immediate release from custody, and an order enjoining his removal out of this district while this case remains pending.

**JURISDICTION**

5. This action arises under the U.S. Constitution and the Immigration and Nationality Act, at 8 U.S.C. §1101 et seq. This Court has habeas corpus jurisdiction pursuant to 5 U.S.C. §703, 28 U.S.C. §2241 et seq., and Article I, § 9, Clause 2 of the United States Constitution (suspension clause).

6. Petitioner is in custody under color of the authority of the U.S., in violation of the constitution and laws of the U.S.

**VENUE**

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), because Petitioner is physically detained in this District and Respondents' principal place of business is in this district.

**PARTIES**

8. Petitioner Candelario Guzman de Leon is a citizen of Guatemala, who has resided continually in the U.S. since on or about 2000. He was arrested on or about September

16, 2025, and is currently detained at the Buffalo Federal Detention Facility in Batavia, NY.

9. John Doe is the warden or facility director at the Buffalo Federal Detention Facility, and is Petitioner's immediate custodian.

10. Todd Lyons is the acting director of U.S. Immigration and Customs Enforcement, and is sued in his official capacity. ICE oversees the enforcement of the immigration laws and is responsible for, inter alia, decisions regarding the detention of non-citizens inside the US, including those regarding Mr. Guzman de Leon.

11. Kristi Noem is Secretary of the Department of Homeland Security of the United States, an agency of the US government, responsible for administration and enforcement of the nations' immigration laws.

12. Pamela Bondi is the United States Attorney General, who is responsible for the actions of the US Department of Justice, including its sub-agency the Executive Office for Immigration Review, of which the US Immigration Courts are a part.

13. Jane Doe is director of the Executive Office for Immigration Review ("EOIR"), an agency within the Department of Justice. EOIR administers the Immigration Courts which are responsible for, *inter alia*, the holding of bond hearings for detained non-citizens such as Petitioner.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14. Mr. Guzman de Leon has no administrative remedies to exhaust. While he has not requested a bond hearing, requesting such a hearing would be futile in light of the recent Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In that case the BIA interpreted the detention provisions of the

3

INA to preclude the right to a bond hearing for most noncitizens who, like Petitioner, entered the U.S. without inspection. An Immigration Judge cannot grant Petitioner a bond hearing, as Immigration Judges are bound by precedential BIA decisions.

15. Further, there are no exhaustion requirements with regard to the claim of unlawful detention, and exhaustion is only required when specifically mandated by Congress.

**RELEVANT LAW**

16. Detention of non citizens can only occur in two discrete situations: pending a decision on whether they are to be removed (i.e., during their removal proceedings), and after a final order of removal has been issued. 8 U.S.C. § 1226 governs the detention of non-citizens pending removal proceedings. § 1226(a) authorizes the arrest, detention, and release on a bond or conditional parole of a non-citizen pending a decision on whether they are to be removed from the United States. 8 U.S.C. § 1186(b) authorizes the revocation of a bond or parole granted under § 1226(a). 8 U.S.C. § 1186(c), known as the "mandatory detention" statute, renders ineligible for bond pending removal proceedings several classes of non-citizens. 8 U.S.C. § 1231 governs the detention of non-citizens after they have been ordered removed. Other than pursuant to these two statutory provisions, Respondents have no authority to detain non-citizens.

17. A recent Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), precludes Immigration Judges from providing bond hearings to any non-citizen alleged to have entered the US without inspection. However, almost every district court judge to have considered the matter has rejected the reasoning in that case and found the non-citizen to be eligible for release on a bond.

**FACTS**

18. Petitioner Candelario Guzman de Leon is a native and citizen of Guatemala, who has been living in Massachusetts since entering the US almost twenty-five years ago. He has worked in construction, carpentry and painting throughout that time, owns his own company, and taxes. He has three U.S. citizen children, one of whom is in US Marine Training at Parris Island, South Carolina.

19. Petitioner has never been arrested or charged with any crime, and prior to his detention by ICE two weeks ago, had never been detained by any immigration officers.

20. In 2013, Petitioner filed an application for asylum with USCIS alleging a fear of persecution if returned to Guatemala. The asylum application was then referred to the Immigration Court, also in Boston, and a Notice to Appear (NTA) in removal proceedings was issued on May 1st, 2018. In 2019, Petitioner filed with the Immigration Court an application for cancellation of removal, a form of relief from removal available to non-citizens who can show that their deportation would cause "exceptional and extremely unusual hardship" to their U.S. citizen spouse or children.

21. Petitioner's Immigration Court removal proceedings were then administratively closed at the request of Respondent DHS in June 2022, and were then re-calendared, also at the request of DHS, on June 6th 2025, and a hearing was scheduled for June 2026. Throughout this time, and the connection with these applications, Petitioner has complied with DHS biometrics requirements, and has kept USCIS as well as the immigration court apprised of his address at all times. As a result of these applications,

5

Petitioner has had employment authorization for the last several years, and has filed and paid taxes accordingly.

22. On or about September 16, 2025, Respondent ICE detained Petitioner, despite the fact that he has employment authorization and a pending application for relief in removal proceedings, for no reason other than that he is of Hispanic appearance and works in construction, and he remains detained.

23. On information and belief, Petitioner is currently being held in ICE's custody in the Buffalo Federal Detention Facility in Batavia, NY.

24. Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

25. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing before an immigration judge (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

26. However, the Board of Immigration Appeals has issued a decision (*Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)) which precludes Immigration Judges from holding a bond hearing for any non-citizen alleged to have entered the US without inspection. Even though numerous District Court judges have rejected this decision, and found that such non-citizens are eligible for a bond hearing, immigration judges still continue to take the position that they do not have jurisdiction to hold such a hearing.

27. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing.

28. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

6

## CLAIMS FOR RELIEF

**COUNT ONE**
**Violation of 8 U.S.C. 1226(a) and Associated Regulations**

29. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

30. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

31. Petitioner has not been, and will not be, provided with a bond hearing by Respondents as required by law.

32. Petitioner's continuing detention is therefore unlawful.

**COUNT TWO**
**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))**

33. Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections, after which he is entitled to release unless Respondents show that he is a danger to the community or a flight risk. Petitioner is neither.

34. Petitioner has not been, and will not be, provided with a bond hearing by Respondents as required by law.

35. Petitioner's continuing detention is therefore unlawful.

**COUNT THREE**
**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide an Individualized Hearing for Domestic Civil Detention)**

36. The Due Process Clause of the Fifth Amendment to the US constitution specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law."

37. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

38. Petitioner has been physically present in the US for almost 25 years, and with the full knowledge and awareness of Respondents since at least 2012. He has never previously been in immigration custody. He therefore has a protected liberty interest in his continued freedom from detention. Respondents' abrupt termination of his liberty, without any cause or notice, violates his right to due process under the Fifth Amendment.

**COUNT FOUR**
**Violation of Fifth Amendment Right to Due Process**
**(Substantive Due Process)**

39. Pre-removal immigration detention is only authorized during the pendency of removal proceedings, 8 USC § 1226(a), and must bear a "reasonable relation" to the prevention of flight and danger to the community during the pendency of removal proceeding, and not be impermissibly punitive.

40. Petitioner has no criminal history, and has repeatedly appeared for all of his immigration hearings. Furthermore, Petitioner filed these immigration applications, thus showing that he fully intends to attend his future hearings. He is therefore not a flight risk, and

8

does not pose any danger to the community. Accordingly, his detention does not bear any "reasonable relationship" to the prevention of flight and danger to the community Petitioner's detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

### PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the Western District of New York;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted;

(4) Declare that Petitioner's detention is unlawful;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper.

(6) Award Petitioner his reasonable litigation costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

(7) Grant any further relief this Court deems just and proper.

Dated: New York, New
      October 2, 2025

/s/ Paul O'Dwyer
Paul O'Dwyer
Law Office of Paul O'Dwyer, P.C.
11 Broadway Suite 715
New York NY 10004
(646) 230-7444
paul.odwyer@paulodwyerlaw.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Candelario Guzman de Leon

**DEFENDANTS**
John Doe, Director Buffalo Detention; Todd Lyons, Acting Director, ICE; Kristi Noem, Secretary DHS; Pamela Bondi, US AG; Jane Doe, EOIR Director

**(b)** County of Residence of First Listed Plaintiff: Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul O'Dwyer, Law Office of Paul O'Dwyer
11 Broadway, Suite 715, New York, NY 10004 646.230.7444

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [x] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 USC Section 2241

Brief description of cause:
Request for release from ICE custody

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/02/2025

SIGNATURE OF ATTORNEY OF RECORD: *Paul O'Dwyer*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.        Example:    U.S. Civil Statute: 47 USC 553
                                          Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.